UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT GAULIN,<br>Plaintiff,<br><br>VS.<br><br>PENN-AMERICA INSURANCE GROUP, INC.,<br>Defendant | CA NO.: 07-0165 ML<br><br>PLAINTIFF ROBERT GAULIN'S STATEMENT OF FACTS |

PLAINTIFF ROBERT GAULIN'S STATEMENT OF FACTS

NOW COMES the plaintiff, Robert Gaulin, who, by and through his attorney, files this STATEMENT OF FACTS.

As stated in the Complaint, this matter deals with a Declaratory Judgment Action, seeking the defendant insurance company to provide coverage and a defense for the underlying lead paint action, pending before the Providence County Superior Court, entitled, *Lee Ann Beausoleil et al vs. Robet J. Gaulin*, (the plaintiff herein), C.A. NO. : PC 06-4333.

In that lead paint action, plaintiffs as guardian ad litem of their minor son (the Beausoleils) allege that on or about August 30, 200 ,while they were tenants of the plaintiff herein, Robert J. Gualin, their son was found to have been lead poisoned alleged on the fact that the minor had ingested or otherwise came into contact with lead paint substance causing him injury.

A notice of claim was sent to defendant's insurance agent, Coe-Hosford, Inc. of East Providence, R.I., on or about January 21, 2005, who forwarded same to this defendant.

The lead paint plaintiff's counsel, Motley Rice of 321 South Main Street, Providence,

In August of 2006, the Beausoleils filed suit, service was made in September, 2006.

After service, plaintiff contacted counsel. A request was made for an additional 45 days to Answer, in order to notify the carrier and/or the insurance agent.

At that time, a copy of the Complaint and Summons was sent to Coe-Hosford, which plaintiff understands would have been sent to this defendant insurance company.

Plaintiff reasonably expected and understood that defendant insurance company was in the process of answering said case and protecting his interest.

Four months later, plaintiff's counsel received Motley Rice's letter, dated January 22, 2007, asking "when can we expect an answer."

Upon receipt of the inquiry, immediately, a copy of the Summons, Complaint and January 22, 2007 letter was faxed to defendant insurance carrier and to Coe-Hosford, with copy to Motely Rice.

More than one month later, defendant insurance company, advised plaintiff that "there is no coverage for this loss." In March of 2007, plaintiff filed his answer.

IDENTIFICATION OF ISSUES

1. The defendant owes plaintiff a duty of defense from a reading of the four corners of the complaint doctrine.

2. By failing to timely act, defendant was waived any right to assert that it owes no defense and/or that there is no coverage.

3. The coverage policy is vague and ambiguous and does not exclude coverage

4. The coverage policy does not exclude coverage.

5. The defendant owes plaintiff a duty to provide a defense to the lead paint case, and it should be ordered to provide a defense; and, while the lead paint matter is pending, the separate issue of coverage be suspended— to be determined later, after resolution of the lead paint case by the state court action.

6. The court should consider abstention, since the matter deals directly with a pending state case, upon which the issue of insurance and coverage is predicated.

7. The lead paint plaintiffs are indispensable parties and should be joined.

DATED: At Cranston, Rhode Island this 6TH day of July, 2006.

/s/ *Edward John Mulligan*
Edward John Mulligan, # 0143
1220 Pontiac Avenue, Suite 303
Cranston, R.I. 02920
Tel (401) 944-5820
Fax (401) 944-5823
Attorney for Robert Gualin

CERTIFICATION OF SERVICE

Copy of the foregoing Statement of Facts to Paul V. Sullivan, Esq., of Morrison Mahoney, attorney for defendant by e-mail, pvsullivan @morrissonmahoney.com on July 6, 2007.
Copy also sent by e-mail to Attorney Vicent L. Greene, of Motley Rice, attorney for the lead paint plaintiffs by e-mail, VGreene @motelyrice.com.

*Edward John Mulligan*, # 0143