# EXHIBIT 1:
# Beausoleils' complaint

01/26/2007 12:35 M

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

LEE ANN BEAUSOLEIL and RONNY BEAUSOLEIL
Individually and as Parents,
Natural Guardians, and Next-of-Friend to their minor child, JEREMY BEAUSOLEIL

*Plaintiffs,*

v.

C.A. No: PSC 06- 4333

ROBERT J. GAULIN

*Defendant.*

## COMPLAINT AND JURY DEMAND

### I. PARTIES

1. Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, are residents of the city of Woonsocket, State of Rhode Island. They bring this action individually and as parents, natural guardians, and next-of-friend of their minor child, Jeremy Beausoleil. At all relevant times the minor child was under the age of six (6) years of age.

2. Defendant, Robert J. Gaulin is a resident of East Providence, Rhode Island. At all relevant times, during the period of Plaintiffs' tenancy, he was the owner of the land and dwelling located at 1598 Lonsdale Avenue, Lincoln, Rhode Island.

### II. JURISDICTION

3. This court has subject matter jurisdiction over this controversy pursuant to Rhode Island General Laws §8-2-14 (1995), because the instant matter is an action at law with an amount in controversy exceeding the jurisdictional requirement.

### III. FACTS

4. Plaintiffs and their minor child were residents and tenants in the Defendant's dwelling listed above at all times relevant material hereto.

RFQ
8-18-06

5. While the Plaintiffs and their minor child were lawful tenants of the Defendant's dwelling, there existed dangerous, hazardous, and illegal levels of lead-based paint, plaster, and materials inside the dwelling and generally within and about the dwelling. The lead levels were in excess of acceptable environmental lead levels.

6. The lead hazards referred to in paragraph 5, which constituted violations of the Lead Poisoning Prevention Act (RIGL 23-24.6 *et seq*), the Rules and Regulations for Lead Poisoning Prevention (R23-24.6-PB) and the Housing Maintenance and Occupancy Code (RIGL 45-24.3 *et seq.*), were not corrected in a timely fashion and continued to pose a health hazard to the minor plaintiff throughout the tenancy at Defendant's premises.

7. On or about August 30, 2001, during Plaintiffs' tenancy, Plaintiff's minor child was diagnosed with lead poisoning.

8. On or about October 2, 2001, a representative from the Rhode Island Department of Health inspected the dwelling located at 1598 Lonsdale Avenue, Lincoln, Rhode Island and confirmed the existence of lead paint exposure hazards throughout the dwelling.

9. On or about October 19, 2002, the Rhode Island Department of Health issued a Notice of Violation to Defendant Robert J. Gaulin, notifying him of the existence of lead paint exposure hazards present in the dwelling at 1598 Lonsdale Avenue, Lincoln, Rhode Island, in violation of the Lead Poisoning Prevention Act (RIGL 23-24.6 *et seq*), the Rules and Regulations for Lead Poisoning Prevention (R23-24.6-PB) and the Housing Maintenance and Occupancy Code (RIGL 45-24.3 *et seq.*).

4/31/069

## IV. CAUSES OF ACTION

### COUNT I
### (Negligence)

10. Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, re-allege all allegations contained in all paragraphs above as if fully set forth herein, and further allege the following;

11. Defendants had duties pursuant to common law and the Rhode Island Housing Maintenance and Occupancy Code (RIGL 45-24.3 *et seq.*), not to let another occupy a dwelling that:

a. contains potentially hazardous material on the interior surfaces, and;

b. contains lead-based substances that present a clear, present, and significant health risk to the occupants of the property, and;

c. contains lead levels that are in excess of the acceptable environmental lead levels, and;

d. contains toxic materials that are dangerous to the public health, and;

e. is not fit for human occupancy, is not clean, and is not sanitary.

12. Further, Defendants had duties pursuant to common law and the Rhode Island Residential Landlord and Tenant Act, (RIGL §34-18 *et seq.*) to:

a. inform Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, of any violations in the dwelling of the health and safety codes, and;

b. comply with the housing codes effecting health and safety, and;

c. make all repairs and do whatever was necessary to keep the dwelling in a safe and habitable condition.

13. Further, Defendants had common law duties to:

a. inspect the premises to insure that it was free from defect, was habitable, and was safe for human habitation and;

b. inform Plaintiffs of the hazardous condition of the dwelling.

14. Further, Defendant, had a duty pursuant to common law and to the Rhode Island Lead Paint Prevention Act (RIGL S. 23-24.6 et seq.) to provide pamphlets, literature and educational materials to Plaintiffs, prior to Plaintiffs' tenancy, setting forth and explaining the hazards, and potential hazards of lead paint.

15. The Defendant directly violated and breached these duties, by;

a. allowing the minor Plaintiff to occupy a dwelling that contained potentially hazardous materials on the interior surfaces, and;

b. allowing the minor Plaintiff to occupy a dwelling that contained lead-based substances that presented clear, present, and significant health risks to the occupants of the property, and;

c. allowing the minor Plaintiff to occupy a dwelling that contained lead levels that were in excess of the acceptable environmental lead levels, and;

d. allowing the minor Plaintiff to occupy a dwelling that contained toxic materials that are dangerous to the public health, and;

e. allowing the minor Plaintiff to occupy a dwelling that was not fit for human occupancy, was not clean, and was not sanitary, and;

f. failing to inform Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, of violations in the dwelling of the health and safety codes, and;

g. failing to comply with the housing codes offecting health and safety, and;

h. failing to make all repairs and do whatever was necessary to keep the dwelling in a safe and habitable condition, and;

i. failing to inspect the premises to insure that it was free from defect, was habitable, and was safe for human habitation and;

j. failing to inform Plaintiffs of the hazardous condition of the dwelling.

k. failing to provide Plaintiffs pamphlets, literature and educational materials setting forth and explaining the hazards, and potential hazards of lead paint.

16. As a direct and proximate result of Defendant's breach of his duties, minor

Plaintiff, Jeremy Beausoleil, was lead poisoned and, consequently, suffered and will continue to suffer severe and permanent injuries and damages; incurred and will continue to incur medical and health expenses; suffered and will continue to suffer severe emotional distress; and was otherwise damaged.

17. As a direct and proximate result of the breach of the duty by the Defendant, Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, have suffered and will continue to suffer severe emotional distress; loss of the society of their child; incurred and will continue to incur medical and health expenses; and were otherwise damaged.

WHEREFORE, Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, individually and as parents, natural guardians, and next-of-friend of their minor child, Jeremy Beausoleil, hereby demand judgment against the Defendant in an amount in excess of the jurisdictional amount necessary to invoke the exclusive jurisdiction of this court, attorney fees, costs, and whatever other and further relief this Honorable Court deems appropriate.

## COUNT II
## (Negligent Misrepresentation and Omissions)

18. Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, reallege all allegations contained in all paragraphs above as if fully set forth herein and further allege the following;

19. Defendant had a duty to use reasonable and due care in making any representations to Plaintiffs concerning the safety, habitability and/or condition of the land and/or dwelling at 1598 Lonsdale Avenue, Lincoln, Rhode Island.

20. Defendant failed to exercise reasonable and due care in making representations to Plaintiffs concerning the safety, habitability and/or condition of the land and/or dwelling at 1598 Lonsdale Avenue, Lincoln, Rhode Island. Defendant misrepresented the safety, habitability and/or condition of the land and/or dwelling at 1598 Lonsdale Avenue, Lincoln, Rhode Island, both by misrepresenting the property as safe, habitable and free from lead paint and/or by

omitting that the property was not safe, habitable or free from lead paint.

21. Defendant's conduct constituted a breach of his duty, resulting in negligent misrepresentations and/or omissions.

22. Plaintiffs justifiably relied on the misrepresentations and/or omissions made by the Defendant.

23. As a direct and proximate result of Defendant's negligent misrepresentations and/or omissions, minor Plaintiff, Jeremy Beausoleil, was lead poisoned and, consequently, has suffered and will continue to suffer severe and permanent injuries and damages; incurred and will continue to incur medical and health expenses; suffered and will continue to suffer severe emotional distress; and was otherwise damaged.

24. As a direct and proximate result of Defendant's negligent misrepresentations and/or omissions, Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, have suffered and will continue to suffer severe emotional distress; loss of the society of their child; incurred and will continue to incur medical and health expenses; and were otherwise damaged.

WHEREFORE, Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, individually and as parents, natural guardians, and next-of-friends of their minor child, Jeremy Beausoleil, hereby demand judgment against the Defendant in an amount in excess of the jurisdictional amount necessary to invoke the exclusive jurisdiction of this court, attorney fees, costs, and whatever other and further relief this Honorable Court deems right and just.

**COUNT III**
**(Punitive Damages)**

24. Plaintiffs Lee Ann Beausoleil and Ronny Beausoleil, reallege all allegations contained in all paragraphs above as if fully set forth herein and further allege the following:

25. The actions and inactions by the Defendant as stated above were willful, wanton,

and reckless such that punitive damages should be imposed.

WHEREFORE, Plaintiffs, Lee Ann Beausoleil and Ronny Beausoleil, individually and as parents, natural guardians, and next-of-friend of their minor child, Jeremy Beausoleil, hereby demand punitive damages and judgment against the Defendant in an amount in excess of the jurisdictional amount necessary to invoke the exclusive jurisdiction of this court, attorney fees, costs, and whatever other and further relief this Honorable Court deems right and just.

Lee Ann Beausoleil and Ronny Beausoleil
By Their Attorneys,

***MOTLEY RICE, LLC***

Jonathan Orent, Esq. (#7408)
John J. McConnell, Jr., Esq. (#3016)
Robert J. McConnell, Esq. (#3888)
Vincent L. Greene, Esq. (# 5971)
321 South Main Street, 2nd Floor
P.O. Box 6067
Providence, RI 02940-6067
(401) 457-7700
(401) 457-7708 Fax

Dated: 8/15/06
Providence, R.I.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury.

Jonathan Orent, Esq. (#7408)
John J. McConnell, Jr., Esq. (#3016)
Robert J. McConnell, Esq. (#3888)
Vincent L. Greene, Esq. (# 5971)