# EXHIBIT 3:
# Coverage denial letter dated 2-23-05

02/23/2005 02:55 PM

**PENN-AMERICA GROUP, INC.**

*Penn-America Insurance Company*
*Penn-Star Insurance Company*

LARRY WASTLE
*Sr. Litigation Specialist*

Direct Dial Number: *215/773-7744*

February 23, 2005

***CERTIFIED MAIL RETURN RECEIPT REQUESTED***
***7003 1680 0005 0691 4071 AND FIRST-CLASS MAIL***

Muriel Gaulin & Robert J. Gaulin
c/o Robert J. Gaulin
2937 Pawtucket Avenue
E. Providence, RI 02915

| | | |
|---|---|---|
| **RE:** | **OUR CLAIM NUMBER:** | **115243-LW** |
| | **OUR INSURED:** | **MURIEL GAULIN & ROBERT J. GAULIN** |
| | **DATE OF LOSS:** | **8/30/01 & ONGOING** |
| | **CLAIMANT:** | **JEREMY BEAUSOLEIL** |
| | **POLICY NUMBER:** | **PAC 6164376 & PAC 6204469** |

Dear Policyholder:

Penn-America Insurance Company insured Muriel Gaulin & Robert J. Gaulin under Policies PAC 6164376 and PAC 6204469 from August 4, 2000 through August 4, 2002. The policies provided commercial general liability coverage with limits of $300,000 per occurrence subject to the terms and conditions of the respective policies.

Penn-America Insurance Company has been presented with a claim made against you alleging that Jeremy Beausoleil has been exposed to lead poisoning while a tenant at your property, located at 1598 Lonsdale Avenue, Lincoln, RI, since he moved into the property in March, 2001. Counsel for Mr. Beausoleil indicates that he was diagnosed with a blood level lead poisoning in August of 2001 and a follow-up inspection of the property in October 2001 confirmed the existence of lead paint in the property. Plaintiff counsel further indicates that notices of violation relating to the existence of the lead paint were sent to your attention in October 2001 and February 2002.

The purpose of this letter is to inform you that there will be no coverage under your commercial general liability policies for defense and/or indemnification of this matter.

Please refer to your **"COMMERCIAL GENERAL LIABILITY COVERAGE FORM"** Form CG 00 01 (10/01) which reads, in part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

**SECTION I - COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement.**

   **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

We also refer you to Endorsement S2033 (2/94) entitled **"LEAD CONTAMINATION EXCLUSION"** attached to each policy which reads, as follows:

**LEAD CONTAMINATION EXCLUSION**

This endorsement modifies coverage found under the following coverage part:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**
**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**
**COVERAGE C - MEDICAL PAYMENTS**
**COMMERCIAL PROFESSIONAL LIABILITY COVERAGE PART**

In consideration of the premium charged it is hereby understood and agreed that this policy will not provide coverage, meaning indemnification or defense costs, arising out of:

> "Bodily Injury", "Property Damage", Personal Injury, Advertising Injury, Medical Payments or any other damages because of liability, alleged liability, or occurrence resulting from, caused by, arising out of or in any way connected with:
>
> > The existence of lead, the removal of lead, the testing for lead, or exposure to lead in any form which is or has at any time been present in, on, or near: the insured's premises; or, at any location at which the insured is working or has worked in connection with such existence, removal or testing:
> >
> > 1) Whether or not caused by, at the instigation of, or with the direct or indirect involvement of the insured, the insured's employees or other persons on the insured's premises or work site; or,

2) Whether or not caused by or arising out of the insured's failure to properly supervise or keep the work site in a safe condition.

Claimants are alleging a change in the behavior of their son since the discovery of his lead poisoning. They indicate that he is experiencing memory problems the extent of which will not be known until he undergoes a neurophysiological examination. It is clear from the above-cited policy language that there is no coverage, meaning defense and/or indemnification, for bodily injuries resulting from, caused by, arising out of or in any way connected with the existence of lead or the exposure to lead in any form in, on, or near the insured's premises. Therefore, we will be unable to provide you with a defense or indemnification for damages relating to this exposure.

There may be other reasons which affect coverage of which the Company is unaware. The Company waives none of its rights in relation to raising any other applicable policy provision, condition or exclusion which may affect coverage.

No act of any Company representative, while further investigating this claim, negotiating a settlement or defending any lawsuit which has been filed, shall be construed as waiving any of the Company's rights. The Company reserves the right to deny coverage for this claim, meaning defense and/or indemnification.

**You may wish to consult with your own personal attorney, at your own expense, regarding this matter and our declination of coverage.**

Waiving none and reserving to Penn-America Insurance Company all its rights and defenses under and pursuant to Polices PAC 6164376 and PAC 6204469, as well as the rights and defenses which may be available in law and equity.

Very truly yours,

L. Wastle

LARRY WASTLE

/jm

cc: The Con-Rexford Agency, Inc.
2740 Pawtucket Avenue
E. Providence, RI 02914
First-Class Mail

Surplex Underwriters, Inc.
P.O. Box 998
Portland, ME 04104
First-Class Mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Muriel Gaulin & Robert J. Gaulin
c/o Robert J. Gaulin
2937 Pawtucket Avenue
E. Providence, RI 02915

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name) C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label) 7003 1680 0005 0691 4071

PS Form 3811, February 2004 Domestic Return Receipt