UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT GAULIN,<br>Plaintiff,<br><br>VS.<br><br>PENN-AMERICA INSURANCE GROUP, INC.,<br>Defendant | CA NO.: 07-0165 ML<br><br>PLAINTIFF ROBERT GAULIN'S STATEMENT OF UNDISPUTED FACT IN SUPPORT OF HIS OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

PLAINTIFF ROBERT GAULIN'S STATEMENT OF UNDISPUTED FACT IN SUPPORT OF HIS OPPOSITION TO THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

NOW COMES the plaintiff, Robert Gaulin, who submits the following Statement of Undisputed Fact in Support of His Opposition to the Defendant's Motion for Summary Judgment.

1. That plaintiff sought liability insurance coverage for three properties, for myself and my mother, Muriel Gaulin, one for the subject property at 1598 Lonsdale Avenue, Lincoln, R.I., and for the other two dwellings, with Coe-Hosford Agency of East Providence, R.I., whom he understood to be the agent and representative of the defendant Penn-America Insurance, and that it held itself out as such.

2. That plaintiff explained to defendant's agent and representative, Coe-Hosford, that he wanted complete coverage, as it was rental property.

3. That plaintiff was never informed that there was no coverage for any lead paint injury to any tenant or their children by the defendant's agent or representative, Coe-Hosford, at that time of purchase.

4. That in September of 2006, plaintiff was served with a Summons and Complaint for the underlying suit by the Beausoleils, filed with the Superior Court.

5. That at that time, that these papers were turned over to the defendant's agent and representative, Coe-Hosford, right away, and was forwarded by them, at that time, to the defendant insurance company.

5. That some four months later, in late January of 2007, the Beausoleils' attorney contacted my attorney to advise him that no Answer had been filed to the Complaint by the defendant insurance company, at all.

6. That my attorney faxed a copy of the underlying complaint to defendant, at this time, on January 23, 2007.

7. That on January 23, 2007, upon receipt of said fax, defendant knew that no Answer had been filed by it or anyone else, and that the time for filing an Answer had gone by and that plaintiff was subject to an immediate entry of default and default judgment.

8. That for the next 20 days, the defendant took no steps or action whatsoever, to inform the plaintiff or anyone in his behalf, that it would be filing any response at all to said action.

9. That the defendant since 1999 has continually declined to Answer any case in Rhode Island where a claim for lead paint injury has been filed.

10. That notwithstanding its policy to deny any claim for lead paint injury, since 1999, it never changed its lead paint rider to explicitly deny any coverage, similar to its asbestos policy rider.

11. That since 1995, defendant has never changed its lead paint rider to explicitly deny coverage, similar to its asbestos policy rider.

DATED: At Cumberland, Rhode Island this 31st day of October, 2007.

/s/ *Edward John Mulligan*

*Edward John Mulligan*, # 0143
2176 Mendon Road, Bld D, Suite 3000
Cumberland, R.I. 02864
Tel (401) 335-3353
Fax (401) 335-3350
e-mail: ejmull @ cox. net
Attorney for plaintiff, Robert Gaulin

CERTIFICATION OF SERVICE

I hereby certify that an exact copy of the within document was electronically mailed to Electronic Case Filing System of the United States District Court for distribution to all counsel of record this 31st day of October, 2007.

/s/ *Edward John Mulligan*

*Edward John Mulligan*, # 0143