UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| ROBERT GAULIN,<br>Plaintiff,<br><br>VS.<br><br>PENN-AMERICA INSURANCE GROUP, INC.,<br>Defendant | CA NO.: 07-0165 ML<br><br>OBJECTION TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

PLAINTIFF ROBERT GAULIN'S OBJECTION TO THE REPORT AND RECOMMENDATION OF THE UNTIED STATES MAGISTRATE JUDGE

NOW COMES the plaintiff, Robert Gaulin, who, by and through his attorney, files this Objection to the Report and Recommendation of the United States Magistrate Judge recommending that Penn-America's Motion for Summary Judgment (Document No.8) be GRANTED and Gaulin's Cross-motion (Document No. 13) be DENIED.

Gaulin contends that the first issue to be decided was whether or not there is a duty to defend on the part of Penn-America. For the reasons set forth in Gaulin's Memorandum and supporting papers, a duty to defend should have been recommended and that would have negated any further consideration of Penn-America's Motion for Summary Judgment.

Gualin's objection to the Report and Recommendation is that the Magistrate should have looked only to the four corners of the Complaint, as stated in Gaulin's Supporting Memorandum, and the policy itself to ascertain whether or not there is any cause of

action which brings this matter within the ambit of the being "potentially" within the risk coverage of the policy.

Anything outside of the Complaint and policy should not have been considered by the Magistrate.

In this regard, Gaulin's objection to the Report and Recommendation is that the Complaint sets forth negligence claims other than ingestion of lead, for example:

Count No. I asserts that this plaintiff, the named defendant therein, negligently failed "to inform (the Beausoleils) of any violations . . . of health and safety codes, and: comply with the housing codes . . . and to make all repairs . . . to keep the dwelling in a safe and habitable condition. (See paragraph 12 sections a., b. and c. of the Complaint)

That this plaintiff negligently failed to "inspect the premises to insure that it was free from defect, was habitable, and was safe for human habitation and/ inform the (Beasuoleils) of the hazardous condition of the dwelling. (See paragraph 12 sections a., b. and c of the Complaint.)

Count No. 1 then goes on in paragraph 15 to list some 11 acts of negligence, mainly dealing with negligent failure to allow occupancy, failure to inspect, failure to inform, failure to make repairs, failure to inspect etc.

Count II in addition to re-alleging Count I, introduces a claim of this plaintiff's failure to exercise reasonable and due care in making representations as to the safety, habitability and/or condition of the premises.

Thus, Gaulin's objection is that taking the assertions in the Complaint as being true, it sets forth causes of action which are separate and apart from ingestion of lead and are separate claims, which are "potentially" within the duty to defend aspect of the policy.

Gaulin's further objection to the Report and Recommendation is also that the pleadings, at this point of the case, show a material dispute as to a waiver or estoppel on the part of Penn-America. What happened before any suit was brought is not relevant. Often times, an insurance carrier may initially say that there is no coverage, but will go on and resolve the claim. Or, the carrier may later reconsider the situation if and when suit is brought. Insurance companies do not advise their assured of what is going on in any settlement negotiations, even after they have sent a reservation of rights letter or an initial denial of coverage. What is relevant is that Penn-America received notice of the suit. That notice triggered a duty to respond. Penn-America could not then sit back letting its assured, to whom it owes a fiduciary duty "twist in the wind," so to speak, for almost a half-year before stating that it would not defend this suit at all. The fact that plaintiff did not move for a default should be of no benefit to Penn-America, who should not profit from its wrongdoing and failure to meet its fiduciary obligations.

Therefore, summary judgment should not have been granted to Penn-America

Respectfully submitted,

/s/*Edward John Mulligan*

Edward John Mulligan
2176 Mendon Road, Bld D, Suite 3000
Cumberland, R.I. 02864
Tel (401) 335-3353
Fax (401) 335-3350
E-mail: ejmull @ cox.net

CERTIFICATION OF SERVICE

Copy of the foregoing Objection to the Report and Recommendation to Paul V. Sullivan, Esq., of Morrison Mahoney, attorney for defendant by e-mail, pvsullivan @morrissonmahoney.com on December 27, 2007.

.

*Edward John Mulligan*, # 0143